IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES McCULLER, ) | CASE NO. 1:03 CV 698 |
| ) | |
| Petitioner, ) | JUDGE JOHN M. MANOS |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | WILLIAM H. BAUGHMAN, JR. |
| CARL ANDERSON, ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |
| ) | |

## I. Introduction

This case involves an amended petition for a writ of habeas corpus brought *pro se* by Charles McCuller under 28 U.S.C. § 2254.[1] Also pending is a motion by McCuller for summary judgment on his pre-amendment petition.[2]

Because the single claim now presented by McCuller as grounds for the writ is beyond the applicable statute of limitations and, further, was never presented to Ohio courts, McCuller's claim is untimely, unexhausted, and should be dismissed. The pending motion for summary judgment on the original petition should be dismissed as moot.

---

[1] ECF # 22.

[2] ECF # 20.

## II. History

On April 16, 2003, McCuller filed his original petition for a federal writ of habeas corpus, raising two claims for relief:

> Ground one: Wrongful Incarceration. Under Ohio law, at the expiration of a convicted person['s] minimum term of imprisonment, the State and/or the Adult Parole Authority must establish a form of custody when that prisoner becomes eligible for parole; if the prisoner is denied a parole eligibility hearing, the state loses custody.
>
> Ground two: Violation of Due Process. Plaintiff [sic] was denied Due Process when he was not afforded a parole eligibility hearing.[3]

As noted, McCuller was permitted to amend his petition on September 19, 2005. That amended petition states a single basis for relief:

> Petitioner advances that the failure of the Respondents to provide him with a parole eligibility (consideration) hearing at the expiration of his minimum sentence violated the ex post facto and due process clauses of the United States Constitution.[4]

McCuller was sentenced to two prison terms of 7 to 25 years, to be served concurrently. He was sentenced to the first 7 to 25-year term on February 21, 1980.[5] McCuller was sentenced to a second, consecutive 7 to-25 year term of imprisonment on February 26, 1980.[6] After several instances of being paroled, and having that parole revoked

---

[3] ECF # 1 at 5.

[4] ECF # 22 at 2.

[5] ECF # 13, Ex. F.

[6] ECF # 8 at 2.

because of violations of his release conditions,[7] McCuller was most recently paroled June 14, 2004[8] but is now incarcerated for additional crimes committed while on parole.[9]

### III. Analysis

**A.     Jurisdiction**

Jurisdiction will lie if the petitioner remains in custody pursuant to a judgment of the state court only on the ground that such custody violates the Constitution, laws, or treaties of the United States.[10] Individuals who are incarcerated or on conditional release are generally sufficiently restrained by the government to be considered "in custody."[11] Although McCuller is in custody now for an offense not related to this habeas claim, he remains subject to the unserved portion of the sentence he complains of here and therefore that claim is within the jurisdiction of this Court.

**B.     McCuller's claim is untimely and was not fairly presented to Ohio courts.**

McCuller has a long record of objecting to how the state calculated his sentence and denied him a parole hearing. In 1997, the state appeals court reviewed his claims and decided that: (1) a writ of mandamus would not issue to the Ohio Adult Parole Authority to compel

---

[7] ECF # 11 at 2.

[8] ECF # 16 at 1.

[9] ECF # 27, Ex. A.

[10] 28 U.S.C. § 2254(a).

[11] *Spencer v. Kemna*, 523 U.S. 1, 13-14 (1998).

a parole hearing since the decision to provide such a hearing is discretionary; (2) his controlling minimum term of imprisonment is 14 years; and (3) McCuller was not entitled to credit for jail time served for attempted rape and felonious assault, as his concurrent sentences for those offenses would be completed before he served the controlling minimum term.[12]

The state contends that McCuller's claim, as formulated in his amended petition, is "mooter than moot" since he has already served the minimum sentence of his original conviction and, further, that he has not previously presented this claim to an Ohio court.[13] McCuller argues that but for his improperly remaining subject to the parole authority his current status as an offender while on parole would not obtain.[14] He also asserts, citing the Ohio appeals court case, that the issue presented by this petition has been before the state court.[15]

Because the violation of the applicable statute of limitations is clear and presents a total bar to any consideration here of the merits of McCuller's amended petition, the issue of mootness need not be considered.

---

[12] *State ex rel. McCuller v. Ohio Adult Parole Auth.*, 123 Ohio App. 3d 425, 704 N.E.2d 324 (1997).

[13] ECF # 27 at 1-2.

[14] ECF # 28 at 2.

[15] *Id.*

It is fundamental that federal courts do not adjudicate habeas claims that have not been first presented to state courts.[16] It is equally fundamental that habeas claims must be filed in federal court within one year of when state remedies have been exhausted.[17]

Here, McCuller's state appeal challenging his lack of a parole hearing and raising issues related to calculating his jail time was decided in 1997, while his original petition for habeas relief in this Court was filed in 2003, six years after the state action concluded.

Moreover, even if McCuller could somehow argue that the statute of limitations had tolled during that period, it is very clear that the state court in 1997 was not fairly presented with the current claim that any errors in calculating his eligibility for parole were due to an unconstitutional ex post facto change in Ohio's parole rules.

McCuller is plainly wrong in assuming that simply raising arguments related to the subject of his eligibility for parole to the state court is the same as fairly presenting that court with the specific ground for relief now asserted. A habeas petitioner must provide the state courts with a fair opportunity to apply the specific federal principle relied on in the claim to the facts of the case.[18]

As the Sixth Circuit has consistently held, a federal constitutional claim is "fairly presented" to the state courts by: (1) citing to a relevant section of the federal constitution;

---

[16] 28 U.S.C. § 2254(b)(1)(A); *see also*, *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

[17] 28 U.S.C. § 2244(d).

[18] *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

(2) citing to federal case law that uses constitutional analysis; or (3) citing state case law that employs a constitutional analysis of similar facts.[19]

Nowhere in the state appellate court decision is it apparent that McCuller framed his arguments for a parole hearing or recalculation of jail time as anything but violations of state law. The Ohio court was never presented with McCuller's current argument that the Ohio parole scheme imposes unconstitutional ex post facto penalties. Accordingly, this Court is not free to consider it.

Furthermore, even assuming arguendo that McCuller had presented his constitutional claim in the state court of appeals, he procedurally defaulted thereon by failing to properly pursue that claim in the Ohio Supreme Court. The Court dismissed his appeal for failure to file a merits brief.[20] A procedural default occurs when a petitioner has not invoked "one complete round of the State's established appellate review process" and that process is no longer available to him.[21]

---

[19] *Carter v. Bell*, 218 F. 3d 581, 607-08 (6th Cir. 2000).

[20] *State ex rel. McCuller v. Callahan*, 84 Ohio St. 3d 1480, 704 N.E.2d 1245 (1999).

[21] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848 (1999).

## IV.  Recommendation

For the reasons explained above, the Magistrate Judge recommends that McCuller's petition for a writ of habeas corpus be dismissed with prejudice as being untimely and unexhausted.

Dated:  January 26, 2006　　　　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[22]

---

[22] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).