IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES MCCULLER,** | ) | **CASE NO. 1:03CV0698** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Judge John M. Manos** |
| | ) | |
| **CARL ANDERSON,** | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OF OPINION** |

On April 16, 2003, Charles McCuller filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) On January 26, 2006, a United States Magistrate Judge recommended that the petition be denied. (Docket No. 29.) On February 06, 2006, McCuller filed objections to the report and recommendation. (Docket No. 31.)

The parties have fully briefed all issues and the Court finds that an evidentiary hearing is unnecessary. See Rule 8(a) of Rules Governing 2254 Proceedings; 28 U.S.C. § 2254(e). For the following reasons, the Court adopts the report and recommendation of the magistrate judge. The petition is hereby **DENIED**.[1]

---

[1] The pending motion for summary judgment (Docket No. 20) is hereby denied as moot.

## I. FACTUAL BACKGROUND

On July 26, 1979, a Cuyahoga County Grand Jury indicted McCuller with one (1) count of attempted rape, in violation of O.R.C. §§ 2907.02 and 2923.02; and one (1) count of felonious assault, in violation of O.R.C. 2903.11.  (Docket No. 13, Ex. A.)  On January 18, 1980, he entered a plea of guilty to both counts.  Id. Ex. B.  On February 25, 1980, he was sentenced to 5 to 15 years imprisonment for the attempted rape count, and 2 to 15 years imprisonment for the felonious assault count, to be run concurrently.  Id. Ex. C.

On August 14, 1979, a Cuyahoga County Grand Jury indicted McCuller with two (2) counts of rape, in violation of O.R.C. § 2907.02; two (2) counts of gross sexual imposition, in violation of O.R.C. § 2907.05; and one (1) count of kidnapping, in violation of O.R.C. § 2905.01.  Id. Ex. D.  On January 18, 1980, he entered a plea of guilty to one of the rape counts.  Id. Ex. E.  On February 21, 1980, he was sentenced to 7 to 25 years imprisonment.  Id. Ex. F.

Finally, on December 05, 1979, a Cuyahoga County Grand Jury indicted McCuller with two (2) counts of rape, in violation of O.R.C. § 2907.02; and one (1) count of kidnapping, in violation of O.R.C. § 2905.01.  Id. Ex. G.  On January 18, 1980, he entered a plea of guilty to one of the rape counts.  On February 26, 1980, he was sentenced 7 to 25 years imprisonment.  Id. Ex. H.

After several instances of being paroled and having that parole revoked for violating his conditions of release, McCuller was most recently paroled on June 14, 2004.  Id. Exs. I-K; (Docket No. 16-1, at 1.)  However, he has since been re-incarcerated for committing additional crimes while on parole.  (Docket No. 27, Ex. A.)

He never appealed his judgements of conviction.  (Docket No. 1, at 2.)

On April 05, 1996, the trial court recognized that it never granted McCuller credit for time served and corrected this error by ordering the Ohio Adult Parole Authority ("OAPA") to credit him 168 days.  On March 26, 1997, McCuller filed a petition for writ of mandamus arguing that the OAPA had miscalculated his credit for time served.  The trial court issued the writ ordering the OAPA to credit him an additional 12 days.  Both parties appealed.  On October 13, 1997, the appellate court reversed, holding that the OAPA had correctly calculated the credit for time served.  See McCuller v. Ohio Adult Parole Auth., 123 Ohio App. 3d 425 (8th App. Dist. 1997).  McCuller appealed.  On January 28, 1999, the Ohio Supreme Court dismissed McCuller's appeal for "failure to prosecute" because he did not file a brief on the merits.  See State ex rel. McCuller v. Callahan, 84 Ohio St. 3d 1480 (1999).

On July 05, 2002, McCuller filed a writ of habeas corpus for his immediate release arguing that the state lost jurisdiction over him when it belatedly granted him jail time credit.  On July 25, 2002, the court of appeals denied the writ.  See State ex rel. McCuller v. Callahan, 2002 Ohio App. LEXIS 7275 (8th App. Dist. Jul 25, 2002).  McCuller appealed.  On March 12, 2003, the Ohio Supreme Court affirmed.  See State ex. rel. McCuller v. Callahan, 98 Ohio St.3d 307 (2003).  The court noted that McCuller's petition was fatally defective because it did not comply with the commitment-paper and verification requirements of O.R.C. § 2727.04.  Id.

On April 16, 2003, McCuller filed the current habeas petition in federal court, raising two grounds for relief: (1) wrongful incarceration; and (2) violation of due process, both stemming from his allegation that he was not granted a timely parole hearing because the state belatedly granted him jail time credit.  (Docket Nos. 1, 22.)  On September 19, 2005, he was granted leave to file an amended habeas petition, wherein he raised an additional ground for relief:

> Petitioner advances that the failure of the Respondents to provide him with a parole eligibility (consideration) hearing at the expiration of his minimum sentence violated the ex-post facto and due process clauses of the United States Constitution.

(Docket No. 22, at 2.)

Respondent argues that McCuller's grounds for relief are untimely, unexhausted, procedurally defaulted, moot, and otherwise lack merit.  (Docket Nos. 23, 27.)

## II.  STANDARD OF REVIEW

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which allows a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner with respect to any claim that was adjudicated on the merits in two limited circumstances: (1) if the state court decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;" or (2) if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1-2).

A state court decision is "contrary to" clearly established federal law "if the court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000); Lorraine v. Coyle, 291 F.3d 416, 421-22 (6th Cir. 2003).  A state court decision constitutes an "unreasonable application" when "the state court identified the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id.; Lorraine, 291 F.3d at 422.

However, a state court decision is not unreasonable simply because the federal court concludes that it is erroneous or incorrect. Id. at 411; Lorraine, 291 F.3d at 422. Rather, the federal court must determine whether the state court decision is an objectively unreasonable application of federal law. Id. at 410-12; Lorraine, 291 F.3d at 422.

The pleadings of *pro se* petitioners are held to less stringent standards than lawyers and are liberally construed. Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004).

### III. LAW AND ANALYSIS

A state prisoner has one year to file an application for a writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Here, direct review became final on January 28, 1999. According to the Sixth Circuit, the one-year statute of limitations began to run ninety-days thereafter, on April 28, 1999. See Abela v. Martin, 348 F.3d 164, 172-73 (6th Cir. 2003) (*en banc*). Thus, McCullen had until April 28, 2000, one year later, to file his habeas petition. He did not file the instant petition however, until April 16, 2003, almost three years too late.

McCullen argues that the statute of limitations did not begin to run until March 12, 2003 when the Ohio Supreme Court denied his application for post-conviction review. It is true that such applications toll the statute of limitations. See 28 U.S.C. § 2244(d)(2). However, they do not "re-trigger" the one-year statute of limitations after it has already expired. See Searcy v.

Carter, 246 F.3d 515, 518-19 (6th Cir. 2001). Here, McCullen did not file his application for state post-conviction review until July 05, 2002, over two years too late to toll the applicable statute of limitations. Thus, his federal habeas petition is untimely.[2]

### VI. CONCLUSION

For the foregoing reasons, McCuller's petition for a writ of habeas corpus is **DENIED**. The Court certifies that an appeal cannot be taken in good faith because McCuller has not made a substantial showing of the denial of a constitutional right. See Federal Rule of Appellate Procedure 22(b); 28 U.S.C. § 2253(c). The Court also certifies that a motion to proceed *in forma pauperis* on appeal cannot be well taken. See 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

**Date: April 18, 2006**                             */s/ John M. Manos*
                                                    **UNITED STATES DISTRICT JUDGE**

---

[2] Although the Court has serious doubts whether McCuller has exhausted any of his federal claims, the record only includes the state appellate court decision, not his state appellate brief. The Supreme Court has recently cautioned against relying exclusively on a state appellate court decision to determine if a federal claim has been exhausted. See Dye v. Hofbauer, 126 S. Ct. 5 (2005). However, even if he had exhausted his federal claims, they was procedurally defaulted. Indeed, the Ohio Supreme Court dismissed his appeal for "failure to prosecute" because he did not file a brief on the merits. McCuller, 84 Ohio St. 3d at 1480. When a state court does not address the merits of a federal claim because the prisoner did not meet state procedural requirements, the decision rests on independent and adequate state grounds and federal habeas relief is barred. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). McCuller has not alleged any cause and prejudice to justify not filing a brief on the merits with the Ohio Supreme Court. Nonetheless, because his petition is untimely, the Court need not address the issues of exhaustion and procedural default.